IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

**446865**

| | |
|---|---|
| HAO-KANG ("HOWIE") CHING ) <br> In care of: ) <br> The Chapman Law Firm Co., L.P.A. ) <br> The Marion Building ) <br> 1276 West Third St., Suite 100 ) <br> Cleveland, OH 44113 ) <br> ) <br> Plaintiff ) <br> ) <br> -vs- ) <br> ) <br> CLEVELAND INSTITUTE OF MUSIC ) <br> 11021 East Boulevard ) <br> Cleveland, Ohio 44106 ) <br> ) <br> and ) <br> ) <br> BRUCE MCINNES ) <br> Address unknown ) <br> ) <br> Defendants. ) | CASE NO. <br><br> JUDGE <br><br><br><br><br><br><br><br><br><br> COMPLAINT <br><br> **(Jury Demand Endorsed Hereon)** |

NOW COMES Plaintiff, Hao-Kang ("Howie" or "Ching"), by and through his attorneys, and for his claims for relief state as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking compensatory and punitive damages, and attorneys' fees and costs, for sex discrimination in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*, sex discrimination prohibited by O.R.C. § 4112.01 *et seq.*, and claims for negligent supervision and retention under Ohio common law, arising

from the conduct of the Defendants, Bruce McInnes ("Dean McInnes") and the Cleveland Institute of Music ("CIM"), hereinafter collectively "Defendants."

2. The acts alleged herein were committed within the County of Cuyahoga and State of Ohio.

## PARTIES

3. Plaintiff Ching is 23-year old, heterosexual male student and employee at CIM, and a member of a protected class by virtue of his gender. At all relevant times alleged herein, Ching has been a Canadian citizen who attends and works at CIM in Cuyahoga County in the State of Ohio.

4. Defendant Dean McInnes is a male former employee of CIM who previously served as the school's Interim Dean from 1999 until May or June 2001. Upon information and knowledge sufficient to form a belief, Dean McInnes is an individual with a principal place of residence located in the State of Massachusetts who committed a series of tortious acts in Cuyahoga County in the State of Ohio.

5. Defendant CIM is a not-for-profit educational institution duly organized and existing pursuant to the laws of the State of Ohio, which employs fifteen (15) or more persons and provides secondary musical education to students. Upon information and knowledge sufficient to support a belief, CIM is an institution receiving federal assistance, which operates federally funded educational programs and benefits from federal grants, loans or contracts either with CIM students and/or CIM itself.

6. Defendants are "employers" as defined by O.R.C. §4112.01(A)(2), and "persons" as defined by O.R.C. § 4112.01(A)(1).

2

7. During all relevant times alleged herein, Ching attended CIM as a full-time student of music.

8. At all relevant times alleged herein, Defendants conjointly exercised control over Ching's educational environment as well as the terms and conditions of Ching's employment as a part-time security guard through CIM's work-study program.

9. During all relevant times alleged herein, Dean McInnes occupied the supervisory and leadership position of Interim Dean.

10. During all relevant times alleged herein, the Defendants acted directly or indirectly in the interests of each other.

## FACTS

11. Plaintiff realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 10, inclusive, as if fully rewritten herein.

12. During all relevant times alleged herein, Ching attended CIM as a full-time student of music and was employed by CIM as a part-time security guard through CIM's work-study program for students receiving financial aid.

13. Defendants have jointly and severally engaged in, or knowingly facilitated, an ongoing pattern and practice of sexual harassment against Ching and other students at CIM.

14. Upon information and knowledge sufficient to support a belief, Dean McInnes, at all relevant times alleged herein, has demonstrated a sexual attraction towards young men in general, and young Asian men or boys in particular.

15. Said acts and practices began during the 2000 academic year, when Dean McInnes began making inappropriate advances towards Ching.

3

16. Such advances included Dean McInnes telling Ching that he loved him and inviting Ching to his private residence under the pretense that he was inviting Ching to a school-related function.

17. Dean McInnes also told Ching about his sexual attraction to Asian men and boys, and showed Ching photographs of men and/or boys with whom McInnes had relationships or had a sexual interest.

18. On numerous occasions, Dean McInnes tried successfully to hugged Ching, and grabbed his buttocks, kissed his face and ears, and touched his legs, all without Ching's express or implied consent.

19. On another occasion, Dean McInnes grabbed Ching's crotch in an effort to gratify himself sexually.

20. Dean McInnes otherwise subjected Ching to numerous uninvited sex-based statements, touching and sexually obscene behavior on several other occasions.

21. Ching, who is heterosexual, considered Dean McInnes conduct to be unwanted and at no time invited or encouraged Dean McInnes' sex-based comments and behavior.

22. Ching also told Dean McInnes in clear terms that he did not welcome or enjoy being subjected to Dean McInnes' sexual advances.

23. Ching even filed a police report with the City of Cleveland Police Department regarding Dean McInnes' sexual assault on him.

24. Ching repeatedly informed members of CIM management about Dean McInnes' harassment, including CIM's resident counselor and resident director, a professor of music at CIM, and the CIM security department.

25. The harassment suffered by Ching was related to his gender.

4

16. Such advances included Dean McInnes telling Ching that he loved him and inviting Ching to his private residence under the pretense that he was inviting Ching to a school-related function.

17. On numerous occasions, Dean McInnes told Ching about his sexual attraction to Asian men and boys, and showed Ching photographs of men and/or boys with whom McInnes had relationships or had a sexual interest.

18. On numerous occasions, Dean McInnes tried successfully to hugged Ching, and grabbed his buttocks, kissed his face and ears, and touched his legs, all without Ching's express or implied consent.

19. On another occasion, Dean McInnes grabbed Ching's crotch in an effort to gratify himself sexually.

20. Dean McInnes otherwise subjected Ching to numerous uninvited sex-based statements, touching and sexually obscene behavior on several other occasions.

21. Ching, who is heterosexual, considered Dean McInnes conduct to be unwanted and at no time invited or encouraged Dean McInnes' sex-based comments and behavior.

22. Ching also told Dean McInnes in clear terms that he did not welcome or enjoy being subjected to Dean McInnes' sexual advances.

23. Ching even filed a police report with the City of Cleveland Police Department regarding Dean McInnes' sexual assault on him.

24. Ching repeatedly informed members of CIM management about Dean McInnes' harassment, including CIM's resident counselor and resident director, a professor of music at CIM, and the CIM security department.

25. The harassment suffered by Ching was related to his gender.

4

26. Dean McInnes' repeated sex-based comments and behavior created a hostile, intimidating and offensive working environment that substantially interfered with Ching's ability to study and learn as well as his work performance.

27. Defendant CIM knew of the hostile environment created by the Dean McInnes based on prior complaints made in Spring 2000 by at least one other male student, Michael Walsh ("Walsh"), who reported to CIM President David Cerone, in writing, that Dean McInnes had made unwelcome, unwanted and unsolicited sexual advances towards him.

28. Notwithstanding Walsh's complaints and contrary to the Sexual Harassment Policy contained in CIM's Student Handbook, Dean McGinnes was allowed to remain in his position and continued to exercise control over Ching's learning environment and the terms and conditions of Ching's employment.

29. Notwithstanding CIM's actual knowledge of Dean McInnes' misconduct, CIM intentionally, willfully, wantonly and maliciously failed to take remedial action to prevent the further harassment of Ching and other male students and/or employees.

30. Notwithstanding CIM's actual knowledge of Dean McInnes' misconduct, CIM failed to amend its poorly drafted Sexual Harassment Policy in its Student Handbook that was in effect during the time period of the harassment even though that policy that only gave Ching the option of reporting sexual harassment to Dean McInnes, but no other CIM official.

31. Upon information and knowledge sufficient to support a belief, CIM failed to warn Ching and other CIM students of Dean McInnes' sexual proclivities.

5

32. Upon information and knowledge sufficient to support a belief, Dean McInnes has not been disciplined, required to participate in sensitivity training, nor effectively counseled with regard to sexual harassment in the workplace.

33. Upon information and knowledge sufficient to support a belief, CIM failed to otherwise adequately address the illegal behavior of, or problems caused by Dean McInnes' sex-based misconduct.

34. Due to Dean McInnes' harassment, abuse, retaliation, and CIM's intentional, willful, wanton, malicious and repeated failure to adequately address Ching's complaints of harassment, Ching has suffered shame, embarrassment, fear, a decreased ability to concentrate on his studies or conduct his work, mental anguish and humiliation.

## FIRST CAUSE OF ACTION

### Sexual Harassment in Violation of
### Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

35. Ching re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 34, inclusive, as if fully rewritten herein.

36. By intentionally, willfully, wantonly and maliciously facilitating and/or subjecting Ching to an ongoing pattern of unwanted sex-based conduct that created a hostile, intimidating and offensive work environment, Defendants have engaged in unlawful sex discrimination and harassment in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

37. Officials and/or agents of CIM had actual notice of Dean McInnes' harassing behavior and the authority to address the discrimination alleged herein, yet failed to institute

6

    corrective measures on behalf of Ching, Walsh and other CIM students, did not adequately respond.

38. The CIM officials' failure to take prompt remedial action or implement an effective anti-harassment policy for CIM students that would have allowed Ching to bypass Dean McInnes in order to report the harassment, even after those officials learned about his behavior, constitutes deliberate indifference towards the rights of Ching, Walsh and other CIM students.

39. As a direct and proximate result of the intentional, willful, wanton, malicious acts, omissions, sexual harassment and discrimination set forth herein, Plaintiff Ching has sustained injuries and damage including, but not limited to, shame, emotional distress, mental anguish, humiliation, depression, all of which subject Defendants, jointly and severally, to compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00), plus punitive damages in an amount in excess of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION

### Sexual Harassment in Violation of
### Ohio Fair Employment Practices Act, R.C. § 4112.01 *et seq.*

40. Ching re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 39, inclusive, as if fully rewritten herein.

41. Ching was an employee of CIM by virtue of his participation in CIM's work-study program as a part-time security guard.

42. As an employee, Ching had the right to work in an environment free of unwanted, unsolicited sexual harassment and discrimination.

7

43. Ching reported Dean McInnes' behavior to his supervisor(s) and administrative resident housing officials, but neither of these employer representatives took any action to prevent Dean McInnes from continuing to harass Ching.

44. Even though Ching was a CIM employee vis-à-vis the work-study program, CIM failed to orient him about how to report sexual harassment nor did CIM provide him with an employee handbook or manual containing a sexual harassment policy.

45. Upon knowledge and information sufficient to form a belief, Ching states that even if CIM had provided him with a sexual harassment policy or information about reporting harassment, it would have been insufficient as a matter of law.

46. As a direct and proximate result of Dean McGinnes' sex-based discrimination against Ching and CIM's failure to protect Ching from such misconduct or enable or encourage Ching to report that misconduct, Ching was repeatedly victimized by Dean McInnes.

47. As a direct and proximate result of the intentional, willful, wanton, malicious acts, omissions, retaliation and discrimination set forth herein, the Plaintiff has sustained injuries and damage including, but not limited to, emotional distress, mental anguish, humiliation, depression, all of which subject Defendants to compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00), plus punitive damages in an amount in excess of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION

**Aiding and Abetting Sexual Harassment in Violation of
Ohio Fair Employment Practices Act, R.C. § 4112.01 *et seq.***

48. Ching re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 47, inclusive, as if fully rewritten herein.

8

49. By (i) facilitating, ratifying and covering up a pattern of known sexual harassment against Ching by Dean McInnes; (ii) failing to take reasonable measures designed to prevent the sexual harassment of Ching by Dean McInnes; (iii) refusing to investigate and/or take effective remedial and preventative action in response to the known sexual harassment of Ching by Dean McInnes; and (iv) failing to implement and then enforce an adequate Sexual Harassment Policy; Defendant CIM has engaged in the aiding, abetting and compelling of unlawful sexual harassment, in violation of O.R.C. § 4112.02(J).

50. As a direct and proximate result of the intentional, willful, wanton, malicious acts, omissions, sexual harassment and retaliation set forth herein, Ching has sustained injuries and damage including, but not limited to, emotional distress, mental anguish, humiliation, depression, all of which subject Defendants to compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00), plus punitive damages in an amount in excess of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION

### Negligent Supervision, Training and Retention

51. Ching re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 50, inclusive, as if fully rewritten herein.

52. Defendant CIM knew and/or should have known of Dean McInnes' propensity to engage in misconduct, harassment and sex-based behavior, in the performance of his duties and within the course and scope of his employment with CIM.

53. As a direct and proximate result of CIM's negligence in the hiring and retention of Dean McInnes, Ching has sustained injuries and damage including, but not limited to, emotional distress, mental anguish, humiliation, and depression, all of which subjects

9

Defendants to compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00), plus punitive damages in an amount in excess of One Million Dollars ($1,000,000.00).

## FIFTH CAUSE OF ACTION

### Intention or Negligent Infliction of Emotional Distress

54. Ching re-alleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 53, inclusive, as if fully rewritten herein.

55. Because Dean McInnes had substantial authority and held a leadership position at Ching's school, he had a special relationship with Ching whereby Ching was entitled to protection by him.

56. As the educational institution to which Ching paid significant money to attend and learn music, CIM also had a special relationship with Ching whereby he was entitled to protection by CIM.

57. Dean McInnes and CIM had a duty to extend to Ching, as a student, respectful and decent treatment, and to refrain from willful, wanton and malicious conduct towards him that would interfere with his comfort or humiliate or distress him.

58. Dean McInnes and CIM's misconduct towards Ching, as alleged herein, was willful, outrageous, malicious and intentional.

59. By intentionally and/or recklessly engaging in severe and outrageous conduct designed to sexually harass and abuse Ching and by willfully, wantonly and maliciously harassing Ching and/or by failing to stop that harassment and abuse, Defendants have intentionally inflicted severe emotional distress upon Ching.

60. As a direct and proximate result of the intentional, willful, wanton and malicious acts and omissions of Defendants, Ching has sustained injuries and damage including, but not limited to, emotional distress, mental anguish, humiliation, depression, all of which subjects Defendants to compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00), plus punitive damages in an amount in excess of One Million Dollars ($1,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) On the First Cause of Action, against Defendants CIM and Dean McInnes, jointly and severally, for compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus any other and further relief which this Court deems just and equitable, including all costs of this action and interest;

(b) On the Second Cause of Action, against Defendants CIM and Dean McInnes, jointly and severally, for compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus any other and further relief which this Court deems just and equitable, including all costs of this action and interest;

(c) On the Third Cause of Action, against Defendants CIM and Dean McInnes, jointly and severally, for compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus any other and further relief which this Court deems just and equitable, including all costs of this action and interest;

(d) On the Fourth Cause of Action, against Defendants CIM and Dean McInnes, jointly and severally, for compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus any other and further relief which this Court deems just and equitable, including all costs of this action and interest; and

(e) On the Fifth Cause of Action, against Defendants CIM and Dean McInnes, jointly and severally, for compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus any other and further relief which this Court deems just and equitable, including all costs of this action and interest.

Respectfully submitted,

THE CHAPMAN LAW FIRM CO., LPA

_/s/ Eric Norton_

ERIC NORTON (0071563)
JUSTIN M. SMITH (0072044)
The Marion Building, Suite 100
1276 West Third Street
Cleveland, Ohio 44113
(216) 696-1133

*Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury of the maximum number permitted by law.

THE CHAPMAN LAW FIRM CO., LPA

*Eric Norton*

ERIC NORTON (0071563)
JUSTIN M. SMITH (0072044)

# SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

CLEVELAND, OHIO 44113
Rule 4 (B) Ohio
Rules of Civil Procedure

## SUMMONS

**CASE NO.** 01-444654-CU DO1 CM  01'5-02534

CHING, HAO KANG HOWIE — Plaintiff

VS

CLEVELAND INSTITUTE OF MUSIC
ET AL — Defendant

CLEVELAND INSTITUTE OF MUSIC
ET AL
11021 EAST BLVD
CLEVELAND,                OH 44106

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Said answer is required to be served on:

**Plaintiff's Attorney**
NORTON, ERIC
1276 WEST THIRD STREET
THE MARION BLDG STE 100
CLEVELAND,                OH44113

Case has been assigned to Judge:
CALABRESE JR., ANTHONY O.
Do not contact judge.  Judge's name is given for attorney's reference only.

**GERALD E. FUERST**
Clerk of the Court of Common Pleas

By _____ Deputy

**DATE**
AUG. 29, 2001

COMPLAINT FILED 08/22/2001

SERVICE COPY

CC14