

01 SEP 24 PM 3:46

CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HAO-KANG CHING, | CASE NO. 1:01cv2230 |
| Plaintiff, | JUDGE: Wells |
| -v- | |
| THE CLEVELAND INSTITUTE OF MUSIC, et al., | **ANSWER OF DEFENDANT CLEVELAND INSTITUTE OF MUSIC** |
| Defendants. | |

Defendant Cleveland Institute of Music hereby answers the complaint as follows:

1. As to paragraph 1, defendant admits plaintiff is asserting various federal and state claims, but denies any liability to plaintiff under any of those statutes.

2. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant denies knowledge as to whether plaintiff is heterosexual and whether he is a Canadian citizen, and admits the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in the first sentence of paragraph 4, but denies defendant McInnes committed a series of tortious acts in Cuyahoga County, and denies knowledge or information sufficient to form a belief as to the remaining allegations in the second sentence of paragraph 4.

5. With respect to the allegations in paragraph 5 of the Complaint, this defendant denies that it receives any federal funds as an institution, but admits that its students may be eligible for financial aid from certain federal programs.

6. This defendant admits that it is an employer under the statues cited in paragraph 6 of the Complaint, but denies knowledge or information sufficient to form a belief as to whether defendant McInnes is such an employer.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. This defendant admits the allegations as to it in paragraph 8, but denies knowledge or information sufficient to form a belief as to whether defendant McInnes exercised the control alleged.

9. With regard to the allegations in paragraph 9, this defendant denies knowledge or information sufficient to form a belief as to "all relevant times," but admits defendant McInnes was the Interim Dean.

10. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 10 above as if fully restated herein.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. With respect to the allegations in paragraph 31, defendant admits it did not warn Ching, but denies that defendant McInnes had any "sexual proclivities," or that

defendant Cleveland Institute of Music was aware of any "sexual proclivities."

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 34 above as if fully restated herein.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 39 above as if fully restated herein.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant admits the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 47 above as if fully restated herein.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 50 above as if fully restated herein.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 53 above as if fully restated herein.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

61. Plaintiff fails to state a cause of action against this defendant.

### SECOND AFFIRMATIVE DEFENSE

62. Any sexual harassment encountered by plaintiff was not serious or pervasive.

### THIRD AFFIRMATIVE DEFENSE

63. Plaintiff failed to exhaust intra-Institute complaint procedures.

### FOURTH AFFIRMATIVE DEFENSE

64. Even assuming that plaintiff encountered sexual harassment, plaintiff failed to bring the matter to the attention of school authorities.

### FIFTH AFFIRMATIVE DEFENSE

65. On information and belief, plaintiff's action is barred by consent.

## SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's action is barred by waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

67. No adverse action was taken upon plaintiff by defendant.

WHEREFORE, having fully answered, defendant Cleveland Institute of Music respectfully requests that this Court enter an Order in defendant's favor dismissing the Complaint in all respects and awarding to defendant costs and attorneys fees, as well as any other relief deemed to be fair and proper.

_____
Bruce G. Hearey    (0009087)
SPIETH, BELL, McCURDY
   & NEWELL CO., L.P.A.
925 Euclid Ave., Ste. 2000
Cleveland, Ohio 44115
Ph: (216) 696-4700
Fax: (216) 696-2706
bhearey@spiethbell.com

Attorneys for Defendant
Cleveland Institute of Music

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer of Defendant Cleveland Institute of Music was sent by regular U.S. mail this 24th day of September, 2001, to:

Eric Norton, Esquire
The Chapman Law Firm Co., LPA
The Marion Building, Ste. 100
1276 West Third Street
Cleveland, Ohio 44113

    Attorney for Plaintiff

and

Thomas Simmons, Esq.
Arter & Hadden
925 Euclid Ave., Ste. 1100
Cleveland, Ohio 44115

    Attorney for Defendant
    Bruce McInnes

Bruce G. Hearey  (0009087)
SPIETH, BELL, McCURDY
  & NEWELL CO., L.P.A.
925 Euclid Ave., Ste. 2000
Cleveland, Ohio 44115
Ph: (216) 696-4700
Fax: (216) 696-2706
bhearey@spiethbell.com

Attorneys for Defendant
Cleveland Institute of Music