UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAO-KANG ("HOWIE") CHING, | ) | CASE NO. 1:01 CV 2230 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY BROOKS WELLS |
| | ) | |
| v. | ) | Magistrate Judge Vecchiarelli |
| | ) | |
| CLEVELAND INSTITUTE OF MUSIC, et al., | ) | **ANSWER OF DEFENDANT BRUCE** |
| | ) | **MCINNES** |
| Defendants. | ) | |
| | ) | (Jury Demand Endorsed Hereon) |

Defendant Bruce McInnes ("Defendant"), for his answer to the Complaint, states as follows:

## ANSWER TO PRELININARY STATEMENT

1.     Defendant denies the allegations contained in paragraph 1 of the Complaint, except that he admits that Plaintiff seeks to assert certain claims.  By way of further answer, said claims are without merit.

2.     Defendant denies the allegations contained in paragraph 2 of the Complaint.

## ANSWER TO PARTIES

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint, except that he admits that he served as interim Dean of The Cleveland Institute of Music from October 1999 through May 2001.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6.      The allegations contained in paragraph 6 of the Complaint appear to constitute conclusions of law to which no responsive pleading is necessary.  If, however, a response is required, then Defendant admits that The Cleveland Institute of Music is an "employer" and denies that he is an "employer" as defined by Ohio Revised Code Section 4112.01(A)(2).

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint, except that he admits that he held the position of interim Dean with The Cleveland Institute of Music from October 1999 through May 2001.

10.      Defendant denies the allegations contained in paragraph 10 of the Complaint.

## ANSWER TO FACTS

11.      Defendant, for his response to paragraph 11 of the Complaint, incorporates by reference the admissions, denials, and defenses set forth with respect to paragraphs 1 through 10.

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint..

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint, except he admits that Walsh complained about Defendant.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint, except he admits that he continued to work as interim Dean after Walsh's Complaint.

29.     The allegations contained in paragraph 29 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then

Defendant denies the allegations contained in paragraph 29 of the Complaint.  By way of further answer, Defendant denies he ever engaged in any misconduct.

30.     The allegations contained in paragraph 30 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 30 of the Complaint. By way of further answer, Defendant denies he ever engaged in any misconduct.

31.     The allegations contained in paragraph 31 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32.     The allegations contained in paragraph 32 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 32 of the Complaint.  By way of further answer, Defendant denies he ever engaged in any sexual harassment that would require discipline, training, or counseling.

33.     The allegations contained in paragraph 33 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 33 of the Complaint.  By way of further answer, Defendant denies he ever engaged in any sex-based misconduct.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

**ANSWER TO FIRST CAUSE OF ACTION**
**(Sexual Harassment in Violation of Title IX)**

35.     Defendant, for his response to paragraph 35 of the Complaint, incorporates by reference the admissions, denials and defenses set forth with respect to paragraphs 1 through 34 of the Complaint.

36.     The allegations contained in paragraph 36 of the Complaint constitute conclusions of law to which no responsive pleading is necessary.  If, however, a response is required, then Defendant denies said allegations.

37.     The allegations contained in paragraph 37 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 37 of the Complaint.  By way of further answer, Defendant denies he ever engaged in any harassing behavior.

38.     The allegations contained in paragraph 38 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 38 of the Complaint. By way of further answer, Defendant denies that any harassment occurred.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**
**(Sexual Harassment in Violation of Revised Code Chapter 4112)**

40.     Defendant, for his response to paragraph 40 of the Complaint, incorporates by reference the admissions, denials and defenses set forth with respect to paragraphs 1 through 39 of the Complaint.

41.     Defendant admits the allegations contained in paragraph 41 of the Complaint.

42.     The allegations contained in paragraph 42 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant admits that Ohio law prohibits sexual harassment and certain types of discrimination.

43.     The allegations contained in paragraph 43 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies the same.  By way of further answer, Defendant denies he ever harassed Plaintiff.

44.     The allegations contained in paragraph 44 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45.      The allegations contained in paragraph 45 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION
### (Aiding and Abetting Sexual Harassment
### in Violation of Chapter 4112)

48.     Defendant, for his response to paragraph 48 of the Complaint, incorporates by reference the admissions, denials and defenses set forth with respect to paragraphs 1 through 47 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 49 of the Complaint.  By way of further answer, Defendant denies he ever engaged in any sexual harassment.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION
### (Negligent Supervision, Training and Retention)

51.     Defendant, for his response to paragraph 51 of the Complaint, incorporates by reference the admissions, denials and defenses set forth with respect to paragraphs 1 through 50 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 52 of the Complaint.  By way of further answer, Defendant denies he had any propensity to engage in misconduct, harassment or other sex-based behavior.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION
### (Intentional or Negligent Infliction of Emotional Distress)

54.     Defendant, for his response to paragraph 54 of the Complaint, incorporates by reference the admissions, denials and defenses set forth with respect to paragraphs 1 through 53 of the Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint do not appear to apply to Defendant and, therefore, no response is necessary.  If, however, a response is deemed necessary, then Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies each and every allegation in the Complaint not heretofore specifically admitted in this Answer.

## FIRST DEFENSE

61.     The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

62.      Defendant at all times acted in good faith and without intent to discriminate against

Plaintiff.

## THIRD DEFENSE

63.      Alternatively, Defendant engaged in no willful misconduct.

## FOURTH DEFENSE

64.      Defendant is not liable for any harm allegedly caused by co-defendant The Cleveland

Institute of Music.

## FIFTH DEFENSE

65.      Plaintiff failed to mitigate his damages.

## SIXTH DEFENSE

65.      Defendant reserves the right to designate additional defenses as they may come to light

during the course of investigation, discovery, or otherwise.

WHEREFORE, having fully answered, Bruce McInnes prays that the Complaint be dismissed

with prejudice and that he be granted his costs, expenses and reasonable attorneys' fees.

Respectfully submitted,


/s/ Thomas S. Simmons
THOMAS R. SIMMONS (0062422)
BENJAMIN C. SASSE (0072856)
ARTER & HADDEN LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1475
(216) 696-1100

Attorneys for Defendant Bruce McInnes

## JURY DEMAND

Defendant Bruce McInnes demands a trial by jury on all issues triable by jury.


/s/ Thomas S. Simmons
THOMAS R. SIMMONS (0062422)
BENJAMIN C. SASSE (0072856)
ARTER & HADDEN LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1475
(216) 696-1100

Attorneys for Defendant Bruce McInnes

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2001, a copy of the foregoing Answer of Defendant Bruce McInnes (Jury Demand Endorsed Hereon) was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Thomas S. Simmons
THOMAS R. SIMMONS (0062422)
BENJAMIN C. SASSE (0072856)
ARTER & HADDEN LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1475
(216) 696-1100

Attorneys for Defendant Bruce McInnes

611541.1