IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAO-KANG CHING, | ) | CASE NO.  1:01CV2230 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| -v- | ) | |
| | ) | |
| THE CLEVELAND INSTITUTE | ) | ***FIRST AMENDED ANSWER OF*** |
| OF MUSIC, et al., | ) | ***DEFENDANT CLEVELAND INSTITUTE*** |
| | ) | ***OF MUSIC*** |
| Defendants. | ) | |

Defendant Cleveland Institute of Music ("CIM") hereby amends its prior answer to the Complaint and responds as follows:

1. As to paragraph 1, defendant admits plaintiff is asserting various federal and state claims, but denies any liability to plaintiff under any of those statutes.

2. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant denies knowledge as to whether plaintiff is heterosexual and whether he is a Canadian citizen, and admits the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in the first sentence of paragraph 4, but denies knowledge or information sufficient to form a belief as to the remaining allegations in the second sentence of paragraph 4.

5. Defendant admits the allegations in the first sentence of paragraph 5 of the Complaint. With respect to the allegations in the second sentence of paragraph 5 of the Complaint, defendant denies that it receives any federal funds as an institution, but admits that its students may be eligible for financial aid from certain federal programs.

6. This defendant admits that it is an employer under the statues cited in paragraph 6 of the Complaint, but denies knowledge or information sufficient to form a belief as to whether defendant McInnes is such an employer.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. This defendant admits the allegations as to it in paragraph 8, but denies knowledge or information sufficient to form a belief as to whether defendant McInnes exercised the control alleged.

9. With regard to the allegations in paragraph 9, this defendant denies knowledge or information sufficient to form a belief as to "all relevant times," but admits defendant McInnes was the Interim Dean.

10. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 10 above as if fully restated herein.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. This defendant denies the allegations in paragraph 13 of the Complaint.

14. This defendant denies the allegations in paragraph 14 of the Complaint.

15. This defendant denies the allegations in paragraph 15 of the Complaint.

16. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. This defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. This defendant admits that plaintiff filed a police report regarding certain conduct he alleges defendant McInnes exhibited towards him but otherwise denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant admits that Michael Walsh made certain allegations regarding defendant McInnes' conduct towards him in the Spring of 2000 but otherwise denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the remaining allegations in paragraph 30 of the Complaint.

31. With respect to the allegations in paragraph 31, defendant admits it did not warn Ching, but denies that defendant McInnes had any "sexual proclivities," or that defendant Cleveland Institute of Music was aware of any "sexual proclivities."

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 34 above as if fully restated herein.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 39 above as if fully restated herein.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant admits the allegations in paragraph 42 of the Complaint.

43. Defendant admits that plaintiff mentioned some the conduct he alleges defendant McInnes directed toward him as stated in the Complaint to CIM employees after defendant McInnes was no longer an employee of CIM but plaintiff specifically demanded that no one do anything about his allegations, or report the remaining allegations to defendant CIM's administrative offices. Defendant otherwise denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 47 above as if fully restated herein.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 50 above as if fully restated herein.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant repeats and restates all the admissions, denials and averments contained in paragraphs 1 through 53 above as if fully restated herein.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies each and every allegation in the Complaint not heretofore specifically admitted in this Answer.

## FIRST AFFIRMATIVE DEFENSE

62. Plaintiff fails to state a cause of action against this defendant.

## SECOND AFFIRMATIVE DEFENSE

63. Any sexual harassment encountered by plaintiff was not serious or pervasive.

## THIRD AFFIRMATIVE DEFENSE

64. Plaintiff failed to exhaust intra-Institute complaint procedures.

## FOURTH AFFIRMATIVE DEFENSE

65. Even assuming that plaintiff encountered sexual harassment, plaintiff failed to fully and/or timely report any alleged misconduct pursuant to defendant CIM's policies, and/or request any action be taken upon his allegations, and/or he specifically demanded that no action be taken upon his allegations.

## FIFTH AFFIRMATIVE DEFENSE

66. On information and belief, plaintiff's action is barred by consent.

## SIXTH AFFIRMATIVE DEFENSE

67. Plaintiff's action is barred by waiver, estoppel, unclean hands, in pari delicto, laches, and/or the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

68. No adverse action was taken upon plaintiff by defendant.

## EIGHTH AFFIRMATIVE DEFENSE

69. Plaintiff's damages, if any, are barred to the extent he has failed to mitigate his damages. Plaintiff's damages, if any, must be set off by such mitigation.

## NINTH AFFIRMATIVE DEFENSE

70. Defendant McInnes was not plaintiff's supervisor nor a member of management relating to plaintiff's employment as a security guard at CIM. Further, plaintiff's allegations in this case did not arise in the course of his work performance at CIM.

## TENTH AFFIRMATIVE DEFENSE

71. Even if plaintiff's allegations in this case did arise in the course of his work performance at CIM, defendant CIM did not have actual or constructive knowledge of any alleged sexual misconduct by defendant McInnes nor did defendant CIM adequately fail to respond to any such misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

72. Alternatively, even if defendant McInnes were a supervisor or management employee relating to plaintiff's employment as a security guard at CIM and plaintiff did experience sexual harassment from defendant McInnes, plaintiff suffered no tangible employment action was taken against plaintiff relating to his allegations in this case and

defendant 1) exercised reasonable care to prevent and correct promptly any sexually harassing behavior, including but not limited to having policies prohibiting and outlining ways to address such behavior; and 2) plaintiff unreasonably failed to take advantage of available or corrective opportunities defendant CIM provided to him or to avoid harm otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

73. Ohio does not recognize a claim for negligent infliction of emotional distress in the employment or educational contexts plaintiff alleges in his Complaint and therefore this claim must be dismissed.

### THIRTEENTH AFFIRMATIVE DEFENSE

74. If plaintiff fails to establish a predicate sexual harassment claim, his common law claim of negligent supervision, training and retention necessarily fails.

### FOURTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff is precluded from bringing the negligent supervision, training and retention claim against his employer pursuant to Ohio's workers compensation scheme.

### FIFTEENTH AFFIRMATIVE DEFENSE

76. All actions regarding the employment and retention of defendant McInnes were taken with careful consideration and in a reasonable and prudent manner given all known circumstances. Any actions of defendant CIM, or its agents or employees acting within the scope of employment with defendant CIM, with respect to plaintiff's allegations were taken for legitimate, nondiscriminatory business and/or educational reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff has not set forth any special damages with the requisite specificity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

78.	Defendant CIM did not know nor could have known about defendant McInnes' alleged proclivities or history, if any.  Defendant CIM took reasonable measures regarding defendant McInnes' past employment history prior to hiring him as Interim Dean.

### EIGHTEENTH AFFIRMATIVE DEFENSE

79.	Any sexual misconduct by defendant McInnes as alleged, if proven true, did not occur during the scope of his employment with defendant CIM.  Further, defendant McInnes' alleged behavior, if proven true, was not calculated to facilitate or promote CIM's business or educational endeavors.  Thus, defendant CIM did not give defendant McInnes authority to act as alleged in the Complaint, if proven true, nor did defendant CIM ratify any such alleged conduct.  Moreover, some or all of the conduct alleged in the Complaint did not occur in plaintiff's workplace or on defendant CIM's property.

### NINETEENTH AFFIRMATIVE DEFENSE

80.	Any damages plaintiff may have suffered as alleged in the Complaint was due in whole or part to his own intentional and/or negligent conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

81.	The actions of defendant CIM and any of its agents or employees acting within the scope of employment with CIM do not constitute conduct so outrageous and extreme as to go beyond all possible bounds of decency.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

82.	Defendant CIM never had actual knowledge of plaintiff's allegations nor did it

act with deliberate indifference to any known allegations regarding defendant McInnes' alleged misconduct by intentionally failing to act despite such knowledge.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

83. Even if plaintiff's allegations of misconduct by defendant McInnes is true, plaintiff was not sufficiently seriously affected by such misconduct to recover for his claims as alleged in his Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

84. Even if plaintiff's allegations of sexual misconduct by defendant McInnes are proven true, defendant CIM never had actual knowledge of any such acts nor gave defendant McInnes substantial assistance or encouragement to commit such acts which was a substantial factor in causing those actions to occur.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

85. Defendant reserves the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

WHEREFORE, having fully answered, defendant Cleveland Institute of Music respectfully requests that this Court enter an Order in defendant's favor dismissing the

Complaint in all respects and awarding to defendant costs and attorneys fees, as well as any other relief deemed to be fair and proper.

                                            Respectfully submitted,

                                            _/s/ Jennifer Welfley Nohra_
Bruce G. Hearey     (0009087)
Jennifer Welfley Nohra (0067974)
SPIETH, BELL, McCURDY & NEWELL CO., LPA
925 Euclid Ave., Ste. 2000
Cleveland, Ohio 44115
Ph: (216) 696-4700
Fax: (216) 696-2706
bhearey@spiethbell.com
jnohra@spiethbell.com

Attorneys for Defendant
Cleveland Institute of Music